IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02103-MSK-CBS

**LAURA S. RODGERS**,
an individual,

        Plaintiff,

v.

**TIMECENTRE, INC,** a Colorado corporation;
**DIMENSIONS GROUP, INC,** a California corporation;
**DIMENSIONS GROUP, LLC,** a Georgia company; and
**DIMENSIONS USA, INC,** a Georgia corporation;
**DIMENSIONS MIDDLE EAST, LLC,** an Indian company; and
**DIMENSIONS GROUP PRIVATE LTD,** an Indian company.

        Defendants.

## STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

### CONFIDENTIAL INFORMATION

WHEREAS, the parties, through their counsel, have requested or may request other parties to make available for inspection and/or copying documents and various materials; and

WHEREAS, the parties contend that good cause exists for the entry of a protective order as some of those documents are in whole or in part proprietary information, competitively sensitive, confidential business records, and/or trade secrets, all of which are "confidential" as herein defined; and

WHEREAS, the parties require that the confidentiality of the documents and the information contained in those documents be maintained; and

WHEREAS, the parties and their attorneys have agreed to comply with the letter and intent of that confidentiality;

NOW, THEREFORE, IT IS HEREBY UNDERSTOOD AND AGREED upon by this Stipulation of the parties, and an ORDER of the Court is hereby entered as follows:

1. **Scope of Order: Documents Covered.** "Confidential Information" will include any document, testimony, or response to a discovery request, including any extract, abstract, chart, summary, recording, transcription, note, or copy made therefrom as "Confidential Information" that the party in good faith believes meets the standards for protection set forth in Fed. R. Civ. P. 26(c).

2. **Designation of "Confidential Information".** Information may be designated as "Confidential Information" in the following manner:

   a. By imprinting or affixing a label with the word "Confidential" on the first page or cover of any document; or

   b. By typing the word "Confidential" or imprinting or affixing a label with the word "Confidential" next to or above any response to an Interrogatory or Request for Admission; or

   c. With respect to information which has previously been disclosed, by giving written notice to opposing counsel designating the specific information as confidential within fifteen days of the date the information was disclosed or within fifteen days after the Court approves this Protective Order, whichever is later; or

   d. With respect to testimony that is not transcribed, by giving written notice to opposing counsel designating such portions as confidential no later than thirty days after the testimony is given; or

   e. With respect to transcribed testimony, by designating such portions as confidential on the record as the time such testimony is given or designating such portions as confidential no later than thirty days following receipt of the transcribed testimony.

   f. As a condition of designating documents as "Confidential," the documents must be reviewed by a specific lawyer of the designating party who will acknowledge that the designation of "Confidential" is based on good faith that the information is entitled to protection pursuant to the standards for protection set forth in Fed.R.Civ.P.26(c).

3. **Objections to Designations.** If a party objects to the opposing party's designation of certain information as "Confidential Information," the objecting party shall inform the designating party of such objection on the record during a deposition or in writing within fifteen business days of its receipt of the Confidential designation. The written objection shall identify the information to which the objection is made. The parties shall first attempt to resolve such dispute in good faith and on an informal basis. If the parties have not resolved their

dispute within twenty calendar days after the notice of the objection is given by the objecting party, the designating party shall raise the issue with the Court by setting a telephonic conference with the Magistrate Judge or otherwise. In any such dispute, the designating party will at all times bear the burden of proving the information designated as "Confidential Information" meets the standards for protection set forth in Fed. R. Civ. P. 26(c). The information at issue will continue to have "Confidential Information" status during the pendency of any such dispute and/or motion. If the designating party fails to raise the issue with the Court within the prescribed time, the disputed information shall lose its designation as "Confidential Information" under the terms of the Protective Order.

4. **Limitations on Disclosure of "Confidential Information".** Confidential information shall not, without the consent of the party producing it or further order of the Court, be disclosed *except that* such information may be disclosed to:

   a. Attorneys working on this case;
   b. Persons regularly employed or associated with the attorneys working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at any other proceedings in this case.
   c. The parties and designated representatives for the entity defendants;
   d. Expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;
   e. The Court and its employees ("Court Personnel");
   f. Stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;
   g. Deponents, witnesses, or potential witnesses;
   h. Other persons by written agreement of the parties; and
   i. Any other individual authorized by the party designating the information as confidential.

Individuals reviewing "Confidential Information" pursuant to this Protective Order, other than Court Personnel, will be informed by respective counsel to hold such information in writing, to any other person, entity (including the media), or local, state, or federal government agency, unless ordered to do so by a court of law. Individuals advised as to the confidential nature of such information must agree to be bound by this provision before the information will be disclosed to them.

3

5. **Parties' Own Documents.** The fact that some documents are designated as "Confidential Information" under this Order will not affect any party's right to permit material that it designated as "Confidential Information" to be revealed to, discussed with, viewed by, or disclosed to anyone that it wishes. This Stipulation and Protective Order will not affect any party's freedom to deal with its own documents in the manner of its choosing.

6. **Submission of "Confidential Information" to the Court.** As with all court filings, the parties shall comply with D.C.COLO.LCivR 7.2 as to any information to be submitted under seal based on this Protective Order.

7. **Copies of "Confidential Information".** Counsel for the parties and the parties themselves understand the confidential nature of "Confidential Information", and agree to limit their copying of "Confidential Information" to that which they believe is reasonably necessary for the prosecution/defense of this litigation. Copies of "Confidential Information", and documents prepared by an expert that incorporate or reveal "Confidential Information", will be subject to the same treatment under this Order as the original "Confidential Information".

8. **Production of Electronic Documents.** The parties shall produce electronic documents on readily accessible computer or electronic media. The scope of production shall be governed by the reasonableness and other standards set forth in Rule 26 of the Federal Rules of Civil Procedure. *The Sedona Principles (Second Addition)* may be referred to as a guideline, with regard to electronic production, but such *Principles* shall not override the provisions and interpretations of Rule 26 of the Federal Rules of Civil Procedure.

9. **Use of Documents**. When documents produced in accordance with this Order are used in any proceeding herein, including depositions, hearings, or trial, the image copy of documents shall be the copy used. OCR or extracted text shall not be used in any Proceeding as a substitute for the image of any document.

10. **Preservation of Documents.** Plaintiff sent Defendant, TimeCentre, Inc., a Document Retention Letter on October 21, 2011. Defendant acknowledges receipt thereof.

11. **Inadvertent Production of Documents.** Inadvertent production of documents (hereinafter "Inadvertently Produced Documents") subject to work-product immunity, the attorney-client privilege, or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the producing party shall notify

4

the receiving party in writing within a reasonable period of time from the discovery of the inadvertent production. If such notification is made, such Inadvertently Produced Documents and all copies thereof shall, upon request, be returned to the producing party, all notes or other work product of the receiving party reflecting the contents of such materials shall be destroyed, and such returned or destroyed material shall be deleted from any litigation-support or other database. If the receiving party elects to file a motion as set forth below, the receiving party, subject to the requirements below, shall file the Inadvertently Produced Documents under Seal with the Court pursuant to its local rules, and may retain possession of any notes or other work product of the receiving party reflecting the contents of such materials pending the resolution by the court of the motion below. If the receiving party's motion is denied, the receiving party shall promptly comply with the *immediately* preceding provisions *of* this paragraph.  Meaning, if the receiving party's motion is denied, no use shall be made of such Inadvertently Produced Documents during depositions or at trial, nor shall they be disclosed to anyone who was not given access to them prior to the request to return or destroy them. The party receiving such Inadvertently Produced Documents may, after receipt of the producing patty's notice of inadvertent production, move the Court to dispute the claim of privilege or immunity, but the motion shall not assert as a ground therefore the fact or circumstances of the inadvertent production.

12. **No Position as to Admissibility.** By agreeing to this entry of this Protective Order, the parties adopt no position as to the admissibility of information disclosed pursuant to the Protective Order. Furthermore, nothing in this Protective Order will preclude any party from filing a motion seeking a further or different protection from the Court under Fed. R. Civ. P. 26(c), or from filing a motion with respect to the manner in which "Confidential Information" will be treated at trial.

13. **Resolution of Action.** Within 40 days of the final conclusion of this case, unless other arrangements are agreed upon, all confidential information shall be destroyed and/or returned to the party who produced it. In the event a party elects to return confidential information to the opposing party, the returning party may request in writing that the returned documents be maintained and not destroyed for up to three years from the final deposition of the case, and the opposing party shall maintain the documents accordingly.

14. **Continuing Jurisdiction.** The termination of this action will not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of "Confidential Information" pursuant to this Order, and the Court will retain continuing jurisdiction to enforce the terms of this Protective Order.

15. **Modifications.** This Protective Order may be modified by the court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

16. **Trial.** Nothing herein shall govern the procedures to be used at trial, which shall be set by this Court immediately preceding the commencement of trial.

This Stipulation and Protective Order Regarding Disclosure of "Confidential Information" is approved by and entered as an order of the Court.

IT IS SO ORDERED.

DATED at Denver, Colorado, this 31st day of January, 2012.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

**Agreed to and Approved:**

/s/ Aimee H. Wagstaff					/s/ Nathan Davidovich

---------------------------------------			---------------------------------------

Aimee H. Wagstaff					Nathan Davidovich
ANDRUS HOOD & WAGSTAFF, PC				DAVDOVICH LAW FIRM, LLC
1999 Broadway, Suite 4150				219 S. Holly Street
Denver, CO 80202					Denver, CO 80246
Telephone: (720) 208-9414				Telephone: (303) 825-5529
FAX: (303) 376-6361					FAX: (303) 265-9797
E-Mail: aimee.wagstaff@ahw-law.com			E-Mail: nathandavidovich@talk-law.com
Attorney for Plaintiff					Attorney for Defendant
Laura S. Rodgers					TimeCentre, Inc.

7