IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1-11-cv-02103-MSK-CBS

LAURA S. RODGERS, an individual,
    Plaintiff,
v.

TIMECENTRE, INC., a Colorado corporation,
DIMENSIONS GROUP, INC., a California corporation,
DIMENSIONS GROUP, LLC, a Georgia company, and
DIMENSIONS USA, INC., a Georgia corporation
    Defendants.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Defendant TimeCentre, Inc.'s Motion to Dismiss (doc. #14), filed on September 27, 2011. The Plaintiff, Laura S. Rodgers, filed her Response (doc. #20) on October 18, 2011. Defendant TimeCentre filed its Reply to the Response to the Motion to Dismiss (doc. #23) on November 1, 2011. The instant motion was referred to the Magistrate Judge on February 14, 2012. The court has reviewed the parties' briefs, the entire case file, and the applicable law. For the following reasons, this court is recommending that Defendant's Motion to Dismiss be granted in part and denied in part.

## STATEMENT OF THE CASE

    Ms. Rodgers brings a civil rights action for damages and other relief against her former employer TimeCentre, Inc. *See* Complaint (doc. #1) at p. 1 of 17. Ms. Rodgers alleges that she was discriminated against based on her gender and national origin, that she was subjected to a

1

hostile work environment, unlawfully terminated, and retaliated against for engaging in a protected activity. She also alleges that TimeCentre engaged in outrageous conduct.

Ms. Rogers, an American female, was hired by TimeCentre on September 14, 2006 as a full time receptionist. *Id*. at p. 4. Ms. Rogers was promoted numerous times over the following 3 years and was serving as Director of Operations when the alleged discrimination occurred. *Id.* at p. 5, 11. In January 2009, Mr. Kottayadiel, an Indian national, was named the new President and CEO of TimeCentre. *Id.* at p. 5. Mr. Kottayadiel allegedly fired several American female employees over the objections of Ms. Rodgers and other senior management. *Id.* at p. 5-6. Ms. Rodgers claims that she was informed by other employees of Mr. Kottayadiel's discriminatory behavior towards women and that she relayed these complaints to Mr. Vatave, the Vice-President of Marketing and Business Development. *Id.* at p. 7. Ms. Rodgers further alleges that Mr. Kottayadiel instituted a new "policy" prohibiting executives from working remotely. *Id.* at p. 5. This policy only affected Ms. Rodgers and another American female, Ms. Vandever. *Id.* Both women were ultimately terminated and allegedly replaced by males who were permitted to work remotely. *Id.*

In March 2009, Ms. Rodgers scheduled a business trip to the Atlanta office to conduct interviews for available positions, a fundamental component of her job. *Id.* Mr. Kottayadiel allegedly sabotaged Ms. Rodgers' efforts to secure new hires by instructing Ms. Brewer not to advertise a job description drafted by Ms. Rodgers, by interfering with instructions Ms. Rodgers gave to Ms. Rew to review resumes, and by not informing Ms. Rodgers about these decisions. *Id.* at p. 7-8.

On March 12, 2009 Ms. Rodgers claims she expressed her concerns to Ms. Pruitt, the

Human Resources Manager, and filed a formal complaint regarding Mr. Kottayadiel's unlawful and discriminatory behavior. *Id.* at p. 9. Ms. Rodgers also told Mr. Vatave of the formal complaint she had filed against Mr. Kottayadiel. *Id.* Mr. Vatave allegedly informed Mr. Kottayadiel about Ms. Rodgers' formal complaint on March 13, 2009. *Id.* On March 14, 2009 Ms. Rodgers' claims her expense reports were deleted from the company system. *Id.* Ms. Rodgers did not receive a response to the email she sent regarding the matter, even though it was customary to receive one within 24 hours. *Id.* at p. 10. On March 17, 2009 Ms. Rodgers traveled to TimeCentre's Atlanta office as planned. *Id.* Upon arriving, Ms. Rodgers claims she was denied access to the company server and terminated by Ms. Pruitt because her position had been eliminated. *Id.* Mr. Kottayadiel then allegedly filled her position that same evening with an Indian male. *Id.*

On or about June 22, 2009, Ms. Rodgers filed a Charge of Discrimination. *Id.* at p. 4. The Charge identified discrimination against Ms. Rodgers by TimeCentre based on sex, national origin, and retaliation. *Id.* The Charge was investigated by the U.S. Equal Employment Opportunity Commission ("EEOC"). *Id.* On May 25, 2011, the EEOC issued Ms. Rodgers a Notice of Right to Sue ("NRTS"), requiring her to file a lawsuit within 90 days of the NRTS. *Id.*

## ANALYSIS

Defendant has moved to dismiss Ms. Rodgers' Complaint on four grounds: (1) dismissal of the First, Second and Third Claims for Relief for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) for failure to exhaust administrative remedies; (2) dismissal of the Complaint for failure to plead sufficient facts to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6); (3) dismissal of the Fourth Claim for Relief (wrongful

termination in violation of Colorado public policy) pursuant to Fed. R. Civ. P. 12(b)(6) because Title VII provides an adequate remedy; and (4) dismissal of the Fifth Claim for Relief (outrageous conduct) pursuant to Fed. R. Civ. P. 12(b)(6) because Defendant's conduct was not outrageous as a matter of law. *See* Motion to Dismiss. Plaintiff has agreed to dismiss her Fourth Claim for Relief. *See* Response, at p. 2 of 11. This court will address the remaining three issues.

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits the dismissal of a complaint for lack of subject matter jurisdiction. The determination of subject matter jurisdiction is a threshold question of law. *Madsen v. U.S. ex rel. U.S. Army Corps. of Eng'rs*, 841 F.2d 1011, 1012 (10th Cir. 1987). As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and Congress have granted them authority to hear. *American Fair Credit Assn. v. United Credit Nat. Bank*, 132 F. Supp. 2d 1304, 1308-09 (D. Colo. 2001). "Federal courts lack jurisdiction to entertain Title VII claims unless such claims were previously filed with the Equal Employment Opportunity Commission." *Seymore v. Shawver & Sons, Inc.*, 111 F.3d 794, 799 (10th Cir. 1997). "[T]he party invoking federal jurisdiction bears the burden of proof." *Marcus v. Kansas Dept. of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999).

The court is empowered to dismiss an action for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss under Rule 12(b)(6), a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," but legal conclusions couched as factual allegations are insufficient. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). "The

plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 545). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The burden is on the plaintiff to frame "a complaint with enough factual matter [taken as true] to suggest" that he or she is entitled to relief. *Id.* at 556.

    *A.  Failure to Exhaust Administrative Remedies*

TimeCentre moves to dismiss the First, Second and Third Claims for Relief pursuant to Fed. R. Civ. P. 12(b)(1) for failure to exhaust administrative remedies. Plaintiff must exhaust certain administrative remedies in order to file a Title VII claim in federal court. 42 U.S.C. § 2000e-5; *Showalter v. Weinstein*, 233 F. App'x 803, 804 (10th Cir. 2007). "In the Tenth Circuit, exhaustion of administrative remedies is a jurisdictional prerequisite to suit." *Jones v. United Parcel Service, Inc.*, 502 F.3d 1176, 1183 (10th Cir. 2007) (citation omitted). A complaint may only include those claims which were explicitly raised in the administrative charge with the EEOC and "any discrimination like or reasonably related to the allegations of the EEOC charge." *Brown v. Harthshorne Pub. Schs. Dist. No. 1*, 864 F.2d 680, 682 (10th Cir. 1988) (quoting *Oubichon v. N. American Rockwell Corp.*, 482 F.2d 569, 571 (9th Cir. 1973)). *See also Archuleta v. Colorado Dept. of Insts., Div. of Youth Servs.*, 936 F.2d 483, 488 (10th Cir. 1991) (allegations raising matters unrelated to plaintiff's prior EEOC charge were dismissed). Thus, a plaintiff may not bring a Title VII action based upon claims that were not part of an EEOC charge for which the plaintiff has received a right-to-sue letter. *See Seymore*, 111 F.3d at 799.

The purpose of the administrative exhaustion requirement "is to provide the employer with prompt notice of the claim and to create an opportunity for early conciliation." *Lattimore v.*

*Polaroid Corp.*, 99 F.3d 456, 464 (1st Cir. 1996); *see also Woodman v. Runyon*, 132 F.3d 1330, 1342 (10th Cir. 1997) (purpose of exhaustion requirement is to provide charged party with notice of type of discrimination alleged and to give that party and administrative agencies opportunity to work on conciliation or voluntary compliance) (citing *Ingels v. Thiokol Corp.*, 42 F.3d 616, 625 (10th Cir. 1994)). "That purpose would be frustrated if the employee were permitted to allege one thing in the administrative charge and later allege something entirely different in a subsequent civil action." *Lattimore*, 99 F.3d at 464.

A Title VII plaintiff must exhaust his or her administrative remedies for each individual discriminatory or retaliatory act. *Martinez v. Potter*, 347 F.3d 1208, 1211 (10th Cir. 2003). "Each discrete incident of [discriminatory] treatment constitutes its own unlawful employment practice for which administrative remedies must be exhausted." *Id.* at 1210. Ms. Rodgers has the burden of proving that she exhausted administrative remedies on her claims. *McBride v. Citgo Petroleum Corp.*, 281 F.3d 1099, 1105 (10th Cir. 2002). In determining whether a plaintiff has exhausted his or her administrative remedies, the court must "determine the scope of the allegations raised in the EEOC charge because [a] plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." *Jones*, 502 F.3d at 1186 (internal quotation marks and citation omitted); *see also Powers v. Grinnell Corp.*, 915 F.2d 34, 38 (1st Cir. 1990).

Charges filed with the EEOC are liberally construed in determining whether administrative remedies have been exhausted as to a particular claim. *Jones*, 502 F.3d at 1186 (citations omitted); *Romero v. Union P. R.R.*, 615 F.2d 1303, 1311 (10th Cir. 1980) (because

laypersons, not attorneys, usually write EEOC complaints, they are liberally construed). Nevertheless, the "inquiry is limited to the scope of the administrative investigation that can reasonably be expected to follow from the discriminatory *acts* alleged in the administrative charge." *Jones*, 502 F.3d at 1186. "In other words, the charge must contain facts concerning the discriminatory and retaliatory actions underlying each claim." *Id.* A plaintiff may pursue a claim not explicitly included in an EEOC charge only if the new allegations fall within the scope of the EEOC charge. *See Simms v. Oklahoma ex rel. Dept. of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1327 (10th Cir. 1997) (the Tenth Circuit has "adopted a limited exception to the exhaustion rule for Title VII claims when the unexhausted claim is for discrimination like or reasonably related to the allegations in the EEOC charge"). While the court must construe the charge liberally, the complainant may not file general charges and then expect that all claims of discrimination will be permitted in a subsequent lawsuit. *Lattimore*, 99 F.3d at 464.

     Ms. Rodgers filed a Charge of Discrimination with the EEOC on June 22, 2009. *See* Charge of Discrimination (doc. #15-1). In her Charge, Ms. Rodgers marked the boxes for retaliation, sex, and national origin. *Id.* "The failure to mark a particular box creates a presumption that the charging party is not asserting claims represented by that box." *Jones*, 502 F.3d at 1186 (citation omitted). "The presumption may be rebutted, however, if the text of the charge clearly sets forth the basis of the claim." *Id.* Ms. Rodgers' marking of the boxes for retaliation, sex, and national origin served "the purpose of giving the agency the information it needs to investigate and resolve the dispute between the employee and the employer." *Khader v. Aspin*, 1 F.3d 968, 971 (10th Cir. 1993) (internal quotation marks and citation omitted). Therefore, Ms. Rodgers has exhausted her administrative remedies for her claims of retaliation

and discrimination based on sex and national origin. In the text of the Charge, Ms. Rodgers discussed her termination and thus put TimeCentre and the EEOC on notice of her unlawful termination claim. *See Starks v. Coors Brewing Co.*, 954 F.Supp. 1463 (D. Colo. 1997) (plaintiff satisfied her exhaustion of remedies with respect to a retaliation claim even when she failed to "check" the retaliation box).

However, Ms. Rodgers' Charge of Discrimination did not include any allegations of a hostile work environment. Ms. Rodgers noted that the alleged discrimination took place between March 12, 2009 and March 17, 2009. *Id.* A period of 6 days would not indicate to the EEOC that a hostile work environment claim needs to be investigated. Based on Ms. Rodgers' representations, the investigations and determinations regarding her Charge would have addressed gender discrimination, unlawful termination, national origin discrimination, and retaliation. Ms. Rodgers' Charge cannot fairly be construed to encompass her claim for a hostile work environment. *See Mawson v. U.S. W. Bus. Res., Inc.*, 23 F. Supp. 2d 1204 (D. Colo. 1998) (administrative charge containing allegations of disability discrimination only did not give defendants notice of any hostile environment or other Title VII claims). Because Ms. Rodgers' Title VII claim consists of allegation not raised in her EEOC Charge, the hostile work environment portion of her first claim for relief should be dismissed under Fed. R. Civ. P. 12(b)(1) for failure to exhaust administrative remedies.

    *B.*    *Failure to Plead Sufficient Facts*

TimeCentre next argues that the entire Complaint should be dismissed for failure to plead sufficient facts. In applying Rule 12(b)(6) the court does not "weigh potential evidence that the parties might present at trial," instead it must "assess whether the plaintiff's Complaint alone is

legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations omitted). The court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (internal quotation marks and citation omitted). "Specific facts are not necessary; the [Complaint] need only give the defendant fair notice" of what the claims are and the grounds upon which they rest. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (internal quotation marks and citation omitted). However, the court does not have to accept conclusory allegations. *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002); *see also Iqbal*, 129 S.Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

The level of detail set forth in Ms. Rogers's Complaint creates a plausible claim for relief pursuant to *Iqbal* and provides TimeCentre with notice as required by *Twombly*. Ms. Rodgers' Complaint satisfies Rule 12(b)(6) because it alleges specific instances of unlawful discrimination and retaliatory behavior by TimeCentre in paragraphs 26 through 43. *See* Complaint at p. 5-10. Accepting these allegations as true, Ms. Rodgers' Complaint sufficiently states claims of gender discrimination, unlawful termination, national origin discrimination, and retaliation for engaging in a protected activity for which relief may be granted. Therefore, TimeCentre's motion to dismiss Ms. Rodgers' Complaint as a whole for failure to plead sufficient facts pursuant to Fed. R. Civ. P. 12(b)(6) should be denied.

  C. *Outrageous Conduct*

Finally, TimeCentre moves to dismiss the Fifth Claim for Relief for failure to state a

claim on which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). The "plausibility" standard of *Twombly* requires that the relief must plausibly follow from the facts alleged, not that the facts themselves must be plausible. *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008). To sufficiently allege a claim for outrageous conduct under Colorado law, a plaintiff must show that: "(1) the defendant engaged in extreme and outrageous conduct; (2) the defendant engaged in such conduct recklessly or with the intent of causing the plaintiff severe emotional distress; and (3) the defendant's conduct caused plaintiff to suffer severe emotional distress." *McCarty v. Kaiser-Hill Co.*, 15 P.3d 1122, 1126 (Colo.App. 2000). The question of whether conduct is outrageous "is generally one of fact to be determined by the jury." *Id.* However, "it is the initial responsibility of a court to determine whether reasonable persons could differ on the question." *Id.* Liability for outrageous conduct has only been found "where the conduct has been so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* "[T]he tort of outrageous conduct must consist of either an extreme act, both in character and degree, or a pattern of conduct from which the ineluctable conclusion is the infliction of severe mental suffering was calculated or recklessly and callously inflicted." *Gard v. Teletronics Pacing Systems, Inc.*, 859 F.Supp. 1349, 1354 (D. Colo. 1994).

TimeCentre argues that the allegations forming the basis of the claim for outrageous conduct are the same as those forming the basis for the claims of discrimination. Where the allegations forming the basis of a claim for outrageous conduct are the same as those forming the basis for a claim of discrimination, and nothing more, they fail to state an independently cognizable claim for which relief can be granted under Rule 12(b)(6). *See Visor v. Sprint/United*

*Mgmt. Co.*, 965 F. Supp. 31, 33 (D. Colo. 1997); *Katz v. City of Aurora*, 85 F. Supp. 2d 1012, 1021 (D. Colo. 2000). Ms. Rodgers' however alleges that the outrageous conduct claim is based on the additional fact that TimeCentre allowed her to fly to Atlanta only to terminate her soon after her arrival at its facility. Ms. Rodgers argues that she has stated a valid claim for outrageous conduct because the decision to terminate her was made prior to her departure for Atlanta and TimeCentre could have terminated her over the telephone.

Ms. Rodgers' allegation that TimeCentre required her to fly across the country for the sole purpose of terminating her, simply does not reach the threshold level of conduct necessary to support a claim of outrageous conduct. *Compare Coors Brewing Co. v. Floyd*, 978 P.2d 663, 666 (Colo. 1999) (en banc) (allegations "that Coors engaged in an extensive criminal conspiracy involving illegal drugs and money laundering and that Coors fired [Plaintiff] to scapegoat him for these crimes" did not constitute outrageous conduct as a matter of law); *see also Churney v. Adolph Coors Co.*, 759 P.2d 1336, 1350 (Colo. 1988) (the acts must so arouse resentment in average members of the community as to lead them to exclaim, "outrageous!"). Ms. Rodgers makes no allegations that she personally had to pay for her travel to Atlanta, or that she was not paid for her time. Therefore, TimeCentre's motion to dismiss Ms. Rodgers' Fifth Claim for Relief, based on alleged outrageous conduct, should be granted pursuant to Rule 12(b)(6).

## CONCLUSION

Accordingly, IT IS RECOMMENDED that Defendant's Motion to Dismiss (filed September 27, 2011) (doc. #14) be GRANTED in part and DENIED in part and that Ms. Rodgers' Fifth Claim for Relief and the hostile work environment portion of Ms. Rodgers' First Claim for Relief be dismissed.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999). (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see Morals-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado this 22nd day of May, 2012.

BY THE COURT:


s/ Craig B. Shaffer
United States Magistrate Judge

13